IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY D. SMITH, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 3:05-cv-539-JPG |
| | ) |
| DIEDRA BATTAGLIA, | ) |
| | ) |
|     Respondent. | ) |

**ORDER**

This matter is before the Court on the Motion to Appoint Counsel filed by the Petitioner, Anthony D. Smith, on August 2, 2005 (Doc. 3) and the Motion to Supplement filed by Smith on January 13, 2006 (Doc. 10). For the reasons set forth below, the motion to appoint counsel is **DENIED** and the motion to supplement is **GRANTED**.

**Motion to Appoint Counsel**

28 U.S.C. §1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." However, there is no constitutional or statutory right to counsel for a civil litigant. Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001); Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 431; See also Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961). Under Local Rule 83.1(i), every member of the bar of this Court shall be available for appointment to represent an indigent.

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004); Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993); Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

Appointment of Counsel is not warranted. After a preliminary review of the pleadings in this case, discovery is not required nor is an evidentiary hearing. While the record in this case is rather voluminous, the Petitioner's contentions are not unique or particularly complex such that counsel should be appointed. The Petitioner is essentially asserting an ineffective assistance of counsel claim, an actual innocence claim, and a due process claims. None of these claims are novel. In addition, after a review of the petition and the other *pro se* filings in this case (including a *pro se* brief filed by the Petitioner with the Illinois Supreme Court on September 21, 2004), it is clear that the petitioner is capable of articulating his claims and presenting his prayer for relief.

**Motion to Supplement**

The Petitioner seeks to supplement his petition to add three claims for relief. As this motion was filed prior to the filing of the Answer, shortly after the order referring this case, and as the Respondent has not objected, it is **GRANTED**. It appears that the supplemental material

is included with the motion.  The Respondent **SHALL** file a response to these supplemental arguments by **May 12, 2006**.  In filing a response, it is unnecessary to re-file any portion of the record already on file, mere reference will suffice.

## CONCLUSION

For the foregoing reasons, the Motion to Appoint Counsel filed by the Petitioner, Anthony D. Smith, on August 2, 2005 is **DENIED** (Doc. 3) and the Motion to Supplement filed by Smith on January 13, 2006 is **GRANTED** (Doc. 10).

**DATED: April 13, 2006**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**
